UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CALVIN ATKINS,

    Plaintiff,

v.                            Case No.  3:18cv2039-LC-CJK

FDOC, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983.  (Doc. 1).  The matter is referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).  The undersigned concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

Plaintiff is an inmate of the Florida Department of Corrections (FDC) confined at Union Correctional Institution.  Plaintiff is suing the FDC and two prison officials at Santa Rosa Correctional Institution – Sergeant Wade and Officer Nicholas – claiming they were deliberately indifferent to his safety on March 29, 2018, which resulted in him being attacked by two inmates.  (Doc. 1, pp. 5-7).  As relief, plaintiff seeks compensatory and punitive damages.  (*Id*., p. 7).

Because plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[1] in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1, p. 4) (footnote added). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes", and disclosed that in 2010, he filed a federal civil rights case in the United States District Court for the Middle District of Florida, *Atkins v. Wilson, et al.*, Case No.

---

[1] Question (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in this action. Plaintiff marked "No" and disclosed no cases. (Doc. 1, p. 3). Question (B) asked plaintiff whether he had initiated other actions in federal court dealing with the same or similar facts/issues involved in this action. Plaintiff marked "No" and disclosed no cases. (*Id.*).

3:10cv594-MMH-MCR, which was dismissed prior to service.  (Doc. 1, p. 4). Plaintiff disclosed no other cases.

Also on page four of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question:  "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed."  (Doc. 1, p. 4).  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "Yes", and disclosed the same Middle District case noted above.  (*Id*.). Plaintiff disclosed no other cases.  At the end of the civil rights complaint form, plaintiff signed his name after the following statement:  "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**"  (Doc. 1, p. 8).  Thus, plaintiff has in effect stated that at the time he filed his complaint in this case, he had not initiated any other action in federal court relating to the conditions of his confinement or that was dismissed prior to service or for failure to state a claim.

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's

jurisdiction. In light of § 1915(g), the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. *See* 28 U.S.C. § 1915(g) (providing that a prisoner who has had three or more cases or appeals dismissed on the grounds they are frivolous, malicious, or fail to state a claim upon which relief may be granted cannot proceed *in forma pauperis* in any future suit he files as a prisoner, unless he is under imminent danger of serious physical injury). The information obtained from the disclosure requirements also helps the court evaluate whether the action is related to or should be considered in connection with another case, or whether a holding in another case affects the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court takes judicial notice that at the time plaintiff filed his complaint in this case, he had initiated at least two other civil actions that required disclosure. On October 8, 2010, plaintiff, while incarcerated within the FDC, filed a civil rights action in the Middle District complaining about the conditions of his confinement at Columbia Correctional Institution. *See Atkins v. Wilson*, Case No. 3:10cv929-HES-JBT. The case was dismissed on October 28, 2010, prior to service, as frivolous and for failure to state a claim. On August 25, 2010, plaintiff, while incarcerated within the FDC, filed a civil rights action in the Middle District complaining about the

conditions of his confinement at Columbia CI. *See Atkins v. Wilson, et al.*, Case No. 3:10cv750-HES-JRK. The case was dismissed on August 31, 2010, prior to service. These prior cases may be positively identified as having been filed by plaintiff because they bear his name and FDC number (DC# 770724).

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 3). If plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The court should not allow plaintiff's false responses to go unpunished. An appropriate sanction for plaintiff's abuse of the judicial process in not providing the

court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1.  That this action be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for plaintiff's abuse of the judicial process.

2.  That the clerk be directed to terminate all pending motions and close the file.

At Pensacola, Florida this 15th day of October, 2018.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.